**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS JACKSON<br>3554 Amherst Avenue NW<br>Massillon, Ohio 44646 | :<br><br>: | |
| Plaintiff | : | CASE NO. 5:26-cv-355 |
| v. | : | JUDGE |
| COLEMAN PROFESSIONAL SERVICES, INC.<br>c/o CT Corporation System<br>4400 Easton Commons Way, Ste. 125<br>Columbus, Ohio 43219 | :<br><br>:<br><br>: | |
| Defendant | : | |

**PLAINTIFF THOMAS JACKSON'S COMPLAINT**
**(w/ Jury Demand)**

NOW COMES Plaintiff Thomas Jackson and hereby proffers this Complaint for damages and equitable relief against Defendant Coleman Professional Services, Inc.

## PARTIES

1. Plaintiff is a natural person residing in the State of Ohio.

2. Defendant is an Ohio corporation with offices in Portage County, Ohio.

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States therefore the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper due to the fact that the Plaintiff's work was performed in Stark County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff worked for Defendant as a Jail Liaison coordinating mental health care for inmates through the Stark County Mental Health Addiction & Recovery program. ("StarkMAHR") from February 14, 2022, until he was discharged on or about May 20, 2025.

6. Plaintiff's son was born with Cerebral Palsy and has always required specialized care and attention from both professional caregivers and Plaintiff on a daily basis to be able to attend school and care for himself in general.

7. Plaintiff and Defendant had worked out a manner in which Plaintiff could provide school pickup for his son and he was able to complete his duties on a flexible time schedule.

8. In mid-2024, Defendant changed medical insurance carriers and Plaintiff entered into a dispute with Defendant about what was and was not covered for his son's care due to the changes. This eventually led to Plaintiff getting his son dropped from his employer-provided medical insurance, which was unnecessarily made a torturous process by Defendant.

9. In March 2025, Plaintiff's time reporting, which had never been a problem before, started being questioned by Defendant. This led to Defendant accusing Plaintiff of "inaccurate time reporting" for handling his schedule as he had always handled it previously.

10. On May 20, 2025, Defendant discharged Plaintiff for alleged "inaccurate time reporting" even though Plaintiff was reporting his time in the same manner he had been utilizing for the past three (3) years without incident.

11. On June 25, 2025, Plaintiff filed a Charge of Discrimination with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission ("EEOC) regarding discrimination due to association with a disabled person.

12. On February 5, 2025, the EEOC issued a Notice of Right to Sue on the Charge referred to in ¶ 11 above.

**<u>COUNT I</u>**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")**
**42 U.S.C. 12101, et seq.**

13. Plaintiff reasserts and reincorporates each and every allegation contained in the paragraphs above as if fully rewritten here.

14. Plaintiff was an "employee" as that is defined by 42 U.S.C. § 12111(4).

15. Defendant was an "employer" as that is defined by 42 U.S.C. § 12111(5)(A).

16. Plaintiff's son, with whom he was closely associated, was suffering from a disability described in ¶ 6 above that qualifies as a disability pursuant to 42 U.S.C. § 12102.

17. Plaintiff was discriminated against for his close association with his son in that he was retaliated against for taking necessary steps to properly insure his son through employee benefits and ultimately discharged because of the previously accepted manner in which he had handled his schedule to care for his son's needs. (see 42 U.S.C. 12112(b)(4))

18. Defendant's violations of the ADA entitle Plaintiff to the equitable relief of reinstatement with the requested accommodation, and monetary damages which include back pay and benefits, compensatory damages, attorney fees and costs in an amount to be determined at trial, but in any event not less than $250,000.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages which include back pay and benefits, compensatory damages, attorney fees and costs in an amount to be determined at trial, but in any event not less than $250,000, and the equitable remedy of reinstatement and/or front pay.

## JURY DEMAND

Plaintiff demands that a jury decide all claims in this Complaint.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Law Offices of Gary A. Reeve
5354 Cemetery Road
Hilliard, Ohio 43026
(614) 808-1881
*greeve@reevelaw.net*